**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARITZA REYES, an Individual, ) | **Order** |
|     Plaintiffs, ) | 2:12-cv-00029-ECR-RJJ |
| vs. ) | |
| COLORADO CASUALTY INSURANCE ) COMPANY, DOES I through X and ROE ) CORPORATIONS I through X, inclusive, ) | |
|     Defendants. ) | |

    This case arises out of allegations that Defendant Colorado Casualty Insurance Company improperly adjusted Plaintiff's insurance claim regarding a car accident in which Plaintiff was involved on or about March 21, 2011.

## I. Background

    Plaintiff filed the complaint (#1-1) on November 28, 2011 in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark alleging that Defendant improperly adjusted her insurance claim. Defendant removed the action to this Court on January 9, 2012 via a petition for removal (#1).

On January 17, 2012, Defendant filed a motion for a more definite statement (#4). Plaintiff has not responded, and Defendant filed a notice of non-opposition (#7) on February 10, 2012.

## II. Legal Standard

Federal Rule of Civil Procedure 12(e) provides that a party may file a motion for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." A court properly grants a motion for a more definite statement where the complaint is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. Comm. for Immigrant Rights of Sonoma Cty. v. Sonoma Cty., 644 F.Supp.2d 1177, 1191. Whether to grant a Rule 12(e) motion is a matter committed largely to the discretion of the district court. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III. Discussion

The complaint (#1-1) states that Plaintiff was involved in a car accident, is a policyholder with Defendant insurance company, and that "Defendant, in adjusting the claim of the Plaintiff, has acted negligently, oppressively, maliciously, recklessly and in bad faith towards the Plaintiff" in violation of Nevada's Unfair Claims Practices Act, set forth at Nev. Rev. Stat. § 686A.310. (Compl. (#1-1) at ¶¶ 1-4, 6-7.). The complaint then recites the sections of § 686A.310 that Defendants has allegedly violated. (Id. § 7.). It does

2

not explicitly set forth a specific cause or causes of action. For these reasons, Defendant argues that the complaint is so vague and ambiguous that Defendant is unable to frame a response without potentially subjecting itself to prejudice. In support of their argument, Defendants point out that common law bad faith and alleged violations of the Nevada's Unfair Claims Practices Act are separate causes of action:

> NRS 686A.310 and bad faith are not identical causes of action. Bad faith and NRS 686 A.310 involve different legal analyses, and a violation of a provision of NRS 686A.310 is not per se an act of bad faith. . . . Bad faith exists where an insurer denies a claim without any reasonable basis and with knowledge that no reasonable basis exists to deny the claim. In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied.

Schumacher v. State Farm Fire & Casualty, 467 F.Supp.2d 1090, 1095 (D.Nev. 2006) (citations omitted).

The Court agrees with Defendant that a more definite statement is appropriate in this case. It is unclear whether Plaintiff is asserting a claim of common law bad faith, a claim arising under Nev. Rev. Stat. § 686.310, both, or any other claims. Defendants are entitled to better notice as to what claims they are expected to defend against. Moreover, the allegations are composed primarily of a recitation of the provisions of Nev. Rev. Stat. § 686.310 in a completely conclusory manner. Finally, Plaintiff has not opposed the motion (#4) and has thereby consented to its granted pursuant to Local Rule 7-2(d).

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion for a more definite statement (#4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days within which to file a more definite statement.

DATED: April 19, 2012.

_____
UNITED STATES DISTRICT JUDGE